**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

JIMMY DALE GRAHAM,          )
                                  )
          Plaintiff,      )
                                  )
          v.                    )          No. 1:15CV111 SNLJ
                                  )
STE. GENEVIEVE COUNTY JAIL, et al.,  )
                                  )
          Defendants.    )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 40973-044), an inmate at Herlong Federal Correctional Institution, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $24.60. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that plaintiff shall be required to amend his complaint at this time.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $122.95, and an average monthly balance of $49.39. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $24.60, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at FCI Herlong in Herlong, California, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Saint Genevieve County Jail; Patti Karol (Sergeant, Sheriff's Dept.); Chris Joggerst; Andy Johnson; (Lieutenant, Sheriff's Dept.); Unknown Ruessler (Corporal, Sheriff's Dept.); Unknown Burns

(Corporal, Sheriff's Dept.); Unknown Berg (Deputy, Sheriff's Dept.); Unknown Miller (Corporal, Sheriff's Dept.); Gary Stolzer (Sheriff); Unknown Ritchie (Corporal, Sheriff's Dept.);Unknown Emms (Correctional Officer); Unknown Constantino (Correctional Officer); Unknown Conrad (Correctional Officer); Unknown Mertz (Correctional Officer) and George Pack (U.S. Marshal)[1].

Plaintiff states that he was treated badly from the time he was brought to the jail, but it wasn't until he entered a guilty plea for a sex offense that his rights were truly violated at the Jail. After he entered his guilty plea in April of 2014, plaintiff claims he was taken to a disciplinary pod, even though he did not have any disciplinary charges pending against him at the Jail. He claims his privileges at the Jail were reduced at that time. Plaintiff claims that the pod he was transferred to contained inmates who were violent and who openly threatened him because he had been convicted for a sex offense, and he immediately told the correctional officers that there was a problem with his safety in this pod. Plaintiff was told by each officer he questioned that defendant Karol had ordered that he be placed with the disciplinary inmates.

Plaintiff states that he filled out several different requests to be moved for safety reasons, and that he asked several of the named defendant correctional officers to be moved, but each time he was told that defendant Karol wanted him placed with the disciplinary inmates. Plaintiff claims that his defense counsel also asked that he be moved to a safer place at the Jail.

Plaintiff states that he was attacked by another inmate in June of 2014 after some unnamed defendants purposely placed a known violent inmate in a locked room with plaintiff. Plaintiff believes that some other unnamed defendants also failed to properly respond to the

---

[1] As defendant Pack is an employee of the United States Government, plaintiff's claims against him for civil rights violations are more properly brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). A claim under *Bivens* involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen,* 168 F.3d 1109, 1113 (8th Cir. 1999).

attack even though they could hear the attack occurring through the intercom and see it on the video surveillance. Plaintiff has not included enough information as to which of the named defendants he believes are liable for failing to protect him in this instance.

Plaintiff seeks five million dollars in monetary damages for defendants' purported civil rights violations.

## Discussion

In plaintiff's complaint, he states that his rights were violated when a whole list of defendants acted to place him with known violent offenders who had threatened his safety on numerous occasions within the confines of the Ste. Genevieve County Jail. Plaintiff is attempting to assert a failure to protect claim, pursuant to the Eighth Amendment[2], against defendants, but as stated, his complaint fails to state a claim for relief.

First, plaintiff's allegations are brought against a plethora of defendants, stated in a conclusory and broad manner, and fail to articulate exactly what each defendant allegedly did to violate his civil rights. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009). There are times his complaint contains mere legal conclusions, rather than specific, factual assertions regarding each defendant. *Id.* In such cases, plaintiff's allegations fail to state a claim for relief.[3]

Second, plaintiff has not stated a causal connection between each defendant and the alleged harm. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see*

---

[2] To state a failure-to-protect claim, plaintiff is required to allege that (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him. *See Farmer v. Brennan,* 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate can constitute "serious harm." *Jensen v. Clarke,* 94 F.3d 1191, 1198 (8th Cir. 1996).

[3] Plaintiff cannot bring a claim against the Jail, as it is not a suable entity. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

*also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As plaintiff has not stated a personal connection between each of the named defendants and his allegations in this lawsuit, his allegations fail to state a claim at this time.

Also, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Thus, at this time, plaintiff's suit would be subject to dismissal on this basis.

Despite the aforementioned, and because of the serious nature of the allegations in the complaint, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint.

In filing his amended complaint, plaintiff should be aware that Federal Rules of Civil Procedure 8 and 10 are the guidelines for drafting a civil complaint. Rule 8(a) requires that a

complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10 requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must clearly state the defendants which he is pursuing allegations against, and he must articulate, <u>for each of those defendants</u>, the factual circumstances surrounding their alleged wrongful conduct.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint on a court-provided form and to attempt to correct the deficiencies in his complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $24.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

Dated this 18<u>th</u> day of August, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE