NITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| JIMMY DALE GRAHAM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:15CV111 SNLJ |
|  | ) |  |
| STE. GENEVIEVE COUNTY JAIL, et al., | ) |  |
|  | ) |  |
| Defendants, | ) |  |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's amended complaint. For the reasons stated below, the Court will dismiss this action. *See* 28 U.S.C. § 1915(e)(2)(B). To the extent plaintiff has any additional state law claims, those claims will be dismissed pursuant to 28 U.S.C. § 1367(c).

**Background**

Plaintiff, an inmate at FCI Petersburg in Petersburg, Virginia, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights when he was incarcerated at the Saint Genevieve County Jail. Plaintiff filed his original complaint in this Court on June 11, 2015, against sixteen (16) defendants, asserting generally that his rights were violated when defendants acted unlawfully by placing him with a violent offender at Ste. Genevieve County Jail.

On August 18, 2015, the Court granted plaintiff's motion to proceed in forma pauperis and reviewed his original complaint in this action. At that time, plaintiff's complaint failed to state a claim upon which relief could be granted for a variety of reasons, not the least of which was because plaintiff failed to allege the proper capacity under which he was suing the multitude of defendants in this action. *See* Docket No. 7, Memorandum and Order, Dated August 18, 2015.

Moreover, plaintiff's broad and conclusory claims against defendants failed to state a claim for relief under the pleading standards set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009).

Despite the fact that plaintiff's complaint failed to state a claim for relief, the Court allowed plaintiff a chance to amend his complaint. At that time, plaintiff was given guidance on the ways in which his complaint was deficient, and he was told how to remedy the deficiencies in order to amend properly pursuant to Federal Rules of Civil Procedure 8 and 10.

As plaintiff is a prisoner and he is proceeding in forma pauperis, the Court must review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915, for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted.

## The Amended Complaint

In his amended complaint, plaintiff once again asserts that his civil rights were violated, pursuant to 42 U.S.C. § 1983, when he was incarcerated at Saint Genevieve County Jail.

Named as the fifteen (15) defendants in plaintiff's amended complaint are: Saint Genevieve County Jail; Patti Karol (Asst. Jail Administrator); Chris Joggerst (Asst. Jail Administrator); Andy Johnson; (Jail Administrator); Unknown FNU Ritchie (Corporal, Ste. Gen. County Jail); Unknown FNU EMMS (Correctional Officer, Ste. Gen. County Jail); FNJ Hulsey (Corporal, Ste. Gen. County Jail); FNU Constantin (Correctional Officer, Ste. Gen. County Jail); FNU Unknown Mertz (Correctional Officer, Ste. Gen. County Jail); FNU Unknown Conrad (Corporal, Ste. Gen. County Jail); Unknown Ruessler (Corporal, Ste. Gen. County Jail); Unknown Burns (Corporal, Ste. Gen. County Jail); Unknown Bert (Deputy, Sheriff's Dept.); Gary Stolzer (Sheriff, Ste. Gen. County); and George Pack (U.S. Marshal)[1].

---

[1] As defendant Pack is an employee of the United States Government, plaintiff's claims against him for civil rights violations are more properly brought under *Bivens v. Six Unknown Named*

Plaintiff states that he was placed at the Saint Genevieve County Jail on or about June 3, 2014, as a federal detainee awaiting sentencing for a federal charge. Plaintiff states that at the time he was admitted to the Jail he was being held in the Jail's general population.

Plaintiff claims in a conclusory manner that "immediately after entering a plea on his federal case," he was moved from general population to a segregated housing unit "at the direction of Asst. Jail Administrator Patti Karol.[2]

Plaintiff asserts in a general manner that he believes he was "monitored by jail staff via closed circuit television cameras" twenty-four hours per day in the segregated housing unit. Plaintiff claims that this is so, even though he states that he was not placed in a cell in that unit, but instead, placed in a bunk in the dayroom.[3]

Plaintiff claims generally that on the day he was attacked by another inmate, the inmate was escorted into the dayroom in the segregated housing unit. Plaintiff states that the inmate, Demetrius Wheeler, immediately recognized plaintiff and went to the two-way intercom system and activated it. Plaintiff does not state where Wheeler's escorts went after they placed him in the dayroom with plaintiff.

---

*Agents*, 403 U.S. 388 (1971). A claim under *Bivens* involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen,* 168 F.3d 1109, 1113 (8th Cir. 1999).

[2] The Court takes judicial notice that plaintiff was sentenced on September 10, 2014 to sixty (60) months' imprisonment, and five (5) years' supervised release, after pleading guilty to the charge of Use of Interstate Facilities to Transport Information About a Minor with Intent to Engage in Sexual Activity. *See U.S. v. Graham*, No. 4:13CR431 SNLJ (E.D.Mo.2013).

[3] In Count I of plaintiff's amended complaint, he asserts that defendant Karol acted with negligence and with deliberate indifference by placing him "in a position where she believed physical harm would be inflicted because of her prejudice against plaintiff due to his criminal charges." Similarly, in Count VI, plaintiff asserts that defendant Chris Joggerst, the Asst. Jail Administrator, acted with negligence and deliberate indifference, when he "knowingly placed plaintiff in a position where he reasonably should have known was unsafe for plaintiff and a risk of physical harm was likely." Plaintiff has not made any factual allegations against defendant Joggerst in the body of his amended complaint.

Plaintiff asserts that Wheeler then began to verbally threaten his life, which was overhead on the intercom by the officer who responded to Wheeler's taunts. According to plaintiff, Wheeler told the officer through the intercom that if he was not removed from the room he would physically attack plaintiff. Plaintiff claims the officer on the intercom told Wheeler to get down off the table and shut up. However, accordingly to plaintiff, Wheeler failed to obey and instead, pulled plaintiff down and started "sexually and physically" assaulting him. Plaintiff claims that after approximately three minutes, correctional officer defendants Ruessler, Burns and Berg burst into the area and wrestled Wheeler away from plaintiff.[4] Plaintiff asserts that he asked for medical treatment, but he was denied care. Plaintiff does not state what, if any, his physical injuries were.

Plaintiff states generally in his amended complaint that "the entire prison staff" should have known that his safety was being threatened.[5] Plaintiff states that he believes that most of the inmates at the Jail had harassed or threatened him at one time or another, and he believes that he was housed in segregation for his own protection. Plaintiff also states in a conclusory manner that inmate Wheeler was purposely placed in with plaintiff to "effect [sic] physical harm to

---

[4] In Count II-IV of plaintiff's amended complaint, he asserts that defendant Burns, Ruessler, and Berg acted with negligence and with deliberate indifference by "not immediately responding to the threats made against plaintiff by inmate Wheeler." Plaintiff does not comment on whether he believes the three minutes it took these defendants to respond qualifies as "immediately."

[5] In Count VII, plaintiff states generally, that the following defendants acted with negligence and deliberate indifference: FNU Ritchie; FNU EMMS, FNU Hulsey; FNU Constantin; FNU Conrad; FNU Mertz. Plaintiff states in a conclusory manner that these defendants were employees at the Ste. Genevieve County Jail during plaintiff's detention and they "failed to carry-out their duty to protect plaintiff by displaying their deliberate indifference toward plaintiff's safety when made aware of physical threats against plaintiff and failed to place him in a safe environment." Plaintiff has not made any specific allegations against any of these defendants in the body of his amended complaint.

4

plaintiff due to the bias and prejudice of jail officials against plaintiff because of his criminal charges."

In Counts V and VIII, plaintiff has made two "failure to train" arguments against two separate defendants, although he has not made any allegations against these defendants in the body of his amended complaint.

For example, in Count V, plaintiff asserts that defendant Andy Johnson, the Jail Administrator, acted with negligence and with deliberate indifference when he failed "to properly train and supervise his staff, therefore endangering the safety and security of the prisoners for which he was responsible." Likewise, in Count VIII, plaintiff states generally that defendant Stolzer, the Sheriff, acted with negligence and deliberate indifference because he was required to ensure that the Jail was in compliance with State laws. Moreover, plaintiff believes that defendant Stolzer failed to properly train and supervise all staff at the Jail.

Last, in Count IX, plaintiff states that George Pack acted with negligence and deliberate indifference because he was allegedly the "U.S. Marshal Service Supervisor of Jail Operations" during plaintiff's detention period. Plaintiff claims that he displayed deliberate indifference because "when presented with information from plaintiff's defense attorney that he was being threatened, he failed to take corrective action and left all decisions regarding plaintiff's safety up to Jail officials." This is the sum total of allegations plaintiff has made against defendant Pack.

Plaintiff seeks five million dollars in monetary damages for defendants' purported civil rights violations.

**Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be

5

granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**Discussion**

First, plaintiff's allegations are brought against a plethora of defendants, stated in a conclusory and broad manner, and fail to articulate exactly what each defendant allegedly did to violate his civil rights. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009). There are times his complaint contains mere legal conclusions, rather than specific, factual assertions regarding each defendant. *Id.* In such cases, plaintiff's allegations fail to state a claim for relief.[6] Thus, plaintiff's claims against defendants Unknown FNU Ritchie, Unknown FNU EMMS, FNJ Hulsey, FNU Unknown Mertz, FNU Unknown Conrad and FNU Constantin are subject to dismissal on this basis alone, as plaintiff has failed to make any specific allegations against these defendants. *See Iqbal*, 129 S.Ct. at 1949-1951.

Second, plaintiff has not stated a causal connection between each defendant and the alleged harm. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As plaintiff has not stated a personal connection between each of the named defendants and his allegations in this lawsuit, his allegations against defendants Unknown FNU Ritchie, Unknown FNU EMMS, FNJ Hulsey, FNU Unknown Mertz, FNU Unknown Conrad and FNU Constantin.

---

[6] Moreover, plaintiff cannot bring a claim against the Jail, as it is not a suable entity. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Additionally, defendant has failed to state that defendants Chris Joggerst, Andy Johnson, Gary Stolzer and George Pack were personally involved in any alleged incidents that caused harm to plaintiff. Although plaintiff may believe that he has stated a personal connection between his failure to train allegations and Johnson and Stolzer, he has not done so.

Under a failure to train theory, a defendant may be liable for deficient policies for training and supervising another defendant if (1) he had notice of the inadequacies, (2) his failure to train in a relevant respect evidences a deliberate indifference to the rights of others, and (3) the alleged deficiency in training procedures actually caused plaintiff's injuries. *See City of Canton v. Harris*, 489 U.S. 378, 390 (1989); *Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir.1996).

A defendant may have notice that his training practices are inadequate by two means: (1) where the failure to train "is so likely to result in a violation of constitutional rights that the need for training is patently obvious," *Larkin v. St. Louis Hous. Auth. Dev. Corp.,* 355 F.3d 1114, 1117 (8th Cir.2004), and (2) where a pattern of misconduct indicates that the defendant's responses to a regularly recurring situation are insufficient to protect constitutional rights. *City of Canton*, 489 U.S. at 390 (1989).

Plaintiff has not alleged enough in this case to show that either defendant Johnson or Stolzer failed to train any of the correctional officers under their purview, such that any of the aforementioned failure to train theories applies. Moreover, plaintiff cannot hold Pack and Joggerst responsible as supervisory defendants, as supervisors like Joggerst and Pack cannot be held vicariously liable under § 1983 for the actions of a subordinate. *See Iqbal*, 129 S. Ct. at 1948.

To state such a claim, the plaintiff must plead that the supervising official, through his own individual actions, has violated the Constitution. *Id.* Where, as here, the alleged constitutional violation requires proof of an impermissible motive, the amended complaint must allege adequately that the defendant acted with such impermissible purpose, not merely that he knew of a subordinate's motive. *Id.* Plaintiff's amended complaint does not allege such an impermissible purpose on behalf of defendants Joggerst and Pack.

Last, as the Court pointed out relating to plaintiff's original complaint in its August 18, 2015 Memorandum and Order, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, all of the claims brought pursuant to § 1983, including plaintiff's failure to protect claims against defendants, are subject to dismissal.[7]

---

[7] To state a failure-to-protect claim, plaintiff is required to allege that (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him. *See*

Last, the Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims, to the extent he is bringing such claims against the defendants in this lawsuit. *See* 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint because the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff alleges any state law claims, those claims are subject to dismissal pursuant to 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [Doc. #13] is **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of June, 2016.

                                            STEPHEN N. LIMBAUGH, JR.
                                            UNITED STATES DISTRICT JUDGE

---

*Farmer v. Brennan,* 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate can constitute "serious harm." *Jensen v. Clarke,* 94 F.3d 1191, 1198 (8th Cir. 1996). However, in this case, plaintiff has not alleged that defendants were made aware that the inmate at issue in this case presented a risk of serious harm to plaintiff. Moreover, plaintiff was in a protective custody unit at the time he was allegedly assaulted by the inmate, and plaintiff admits that three officers came to the protective custody unit within minutes to stop the alleged assault.